# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ ROBLES,<br><br>　　　　Plaintiff/Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Respondent/Defendant. | CASE NO. 1:14-CR-0045 AWI BAM 2<br><br>**ORDER ON PLAINTIFF'S MOTION FOR DECLARATORY RELIEF**<br><br>(Doc. No. 100) |

On October 30, 2014, Plaintiff/Petitioner Jorge Perez Robles ("Robles") signed a plea agreement in which he agreed to plead guilty to violation of 21 U.S.C. § 841(a)(1), distribution of heroin. See Doc. No. 34. On March 30, 2015, Robles was sentenced to a term of 60 months in prison and 36 months of supervised release. See Doc. Nos. 44, 45.

On June 26, 2017, Robles filed a motion for declaratory relief, or alternatively, a request for an immigration departure. Robles argues that 8 U.S.C. § 1228(a) requires Federal Bureau of Prisons ("BOP") to conduct a hearing during an inmate's term of imprisonment in order to determine the inmate's deportability. Robles explains that he is currently housed at the Rivers Correctional Institution in Winton, North Carolina, which is a privately run prison facility that does not have an Institution Hearing Program as required by BOP Policy 5111.04.[1] Robles states

---

[1] Policy 5111.04 is a "coordinated effort by [FBOP], U.S. Immigration and Customs Enforcement ("ICE"), and the Executive Office of Immigration to meet the Attorney's General's mandate to ensure that deportation or exclusion proceedings for convicted aliens begin as expeditiously as possible . . . ." Wallace v. Federal Bureau of Prisons, 2016 U.S. Dist. LEXIS 67374, *1-*2 (N.D. Ohio May 23, 2016). If the BOP is unable to house a deportable alien at an institution with an Institution Hearing Program, "ICE will process inmates who are not re-designated at the end of their sentence." Id. at *2.

that because the institution does not hold § 1228(a) hearings, he could be subject to an additional 6 months or more of immigration detention upon his release. Robles's projected release date is September 29, 2019. Robles seeks a declaration that would compel the BOP to follow the Institution Hearing Program for purposes of making a determination regarding his deportability prior to his release date. Alternatively, Robles requests that the Court grant him an "Immigration Departure" pursuant to *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994) and *United States v. Razo-Nunez*, 2014 U.S. App. LEXIS 9275 (D.C. Cir. 2014).

After reviewing Robles's motion, the Court concludes that he is not entitled to relief.

First, § 1228(a) in part directs the Attorney General, to the maximum extent practicable, detain a deportable alien at a facility at which other such aliens are detained and provide for the initiation and, to the extent possible, the completion of removal proceedings before the alien's release from incarceration for the underlying qualifying offense. 8 U.S.C. § 1228(a)(2), (3)(A); United States v. Tejada-Revulcaba, 2016 U.S. Dist. LEXIS 102413, *2 (E.D.N.C. Aug. 4, 2016). However, § 1228(a) also states that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal or any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B); see also Tejada Revulcaba, 2016 U.S. Dist. LEXIS 102413 at *2; United States v. Beltran-Rengifo, 2016 U.S. Dist. LEXIS 183799, *5 (M.D. Fla. Aug. 2, 2016). Moreover, § 1228(a)(1) explains that "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1228(a)(1); Tejada-Revulcaba, 2016 U.S. Dist. LEXIS 102413 at *2; Beltran-Rengifo, 2016 U.S. Dist. LEXIS 183799 at *5. Therefore, per § 1228(a)'s express language, there is no enforceable rights created by § 1228(a) to which Petitioner can benefit. See id.

Second, *United States v. Smith* and *United States v. Razo-Nunez* involved a failure of the sentencing court to consider a requested deportation departure at the time of sentencing. See Razo-Nunez, 2015 U.S. App. LEXIS 9275 at *2; Smith, 27 F.3d at 650, 655-56; Tejada-Revulcaba, 2016 U.S. Dist. LEXIS 102413 at *2; Beltran-Rengifo, 2016 U.S. Dist. LEXIS 183799

2

at *6 n.2. As noted above, Robles was sentenced in March 2015. This matter is not in the same procedural posture as *Razo-Nunez* and *Smith*, and thus, those cases do not apply here. See Tejada-Revulcaba, 2016 U.S. Dist. LEXIS 102413 at *2; Beltran-Rengifo, 2016 U.S. Dist. LEXIS 183799 at *6 n.2.

Because Robles has failed to identify a sufficient basis that would entitle him to the relief that he seeks, his motion for declaratory relief will be denied in its entirety. See id.

ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for declaratory relief (Doc. No. 100) is DENIED.

IT IS SO ORDERED.

Dated: July 6, 2017                    _____
                                        SENIOR DISTRICT JUDGE